UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

UNITED STATES OF AMERICA,

       -against-                                        19-cr-0817 (LAK)

EDWARD RODRIGUEZ,

                        Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

       Edward Rodriguez, the defendant, was charged, among other things, with conspiring to distribute, and possess with intent to distribute, Oxycodone in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). On November 20, 2019, he was arrested, arraigned before Magistrate Judge Sarah Netburn, and ordered detained. He pled guilty to the aforementioned charge on March 12, 2020. His plea was accepted on April 3, 2020. He currently is detained at the Metropolitan Detention Center in Brooklyn ("MDC") and is awaiting sentencing.

       On April 6, 2020, Rodriguez appealed, purportedly pursuant to 18 U.S.C. § 3145(c), for revocation or amendment of his detention order to permit his release to home confinement subject to various conditions (DI 22). He "request[ed] release because of the risks posed by COVID-19."[1] The Court received extensive submissions of counsel and heard telephonic oral argument on April 10, 2020.

       According to the Pretrial Services Report, Rodriguez is 30 years old, a United States citizen, and in "excellent physical health with no medical problems reported." He is a lifelong resident of the New York metropolitan area and lives with his partner and their two young children in the Bronx. He states that he would stay with them while awaiting sentencing if his motion were granted.

       Rodriguez has had several drug-related convictions throughout his life. In 2008, he pled guilty to possession of cocaine and a hallucinogen and was sentenced to 24 months of incarceration. In 2010, he pled guilty to possession with intent to sell of cocaine and was sentenced to 42 months of incarceration and three years of supervised release. In 2007, he pled guilty to possession of, with intent to sell, marijuana and was sentenced to time served. His most recent conviction, the Court is informed, was based on the distribution of eight Oxycodone pills.

---

[1] Dkt. 22.

Case 1:19-cr-00817-LAK Document 32 Filed 05/06/20 Page 2 of 3

2

The parties agree that Rodriguez's current conviction is a narcotics offense for which the maximum term of imprisonment is ten or more years. They agree also that he is subject to mandatory detention under 18 U.S.C. § 3143(a)(2). Under 18 U.S.C. § 3145(c), however:

> "A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

"[E]xceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary."[2] Determining whether exceptional reasons exist calls for a case-specific evaluation and lies within the discretion of the district court.[3]

Rodriguez argues that the "exceptional reason[]" warranting his release is "the health emergency within the MDC . . . caused by the COVID-19 pandemic."[4] No one doubts that this pandemic is an exceptional situation. Nor does the Court question that conditions in the MDC and other jails and prisons perhaps are more conducive to the spread of the disease than are experienced by most in the outside world. That said, however, the question is whether these circumstances constitute "exceptional reasons why [Mr. Rodriguez's] detention would not be appropriate," as the statute requires.

While much remains unknown about the virus in question, the data show that the elderly and those with a variety of underlying health conditions are at far more serious risk from the virus than others.[5] But Mr. Rodriguez is a healthy 30-year old, and he does not claim to have experienced any symptoms of the disease. And "[f]or most people, the immediate risk of becoming seriously ill from the virus that causes COVID-19 is thought to be low."[6] Accordingly, while Mr.

---

[2] *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).

[3] *Id.*

[4] Dkt. 22, at 2.

[5] *E.g.,* Centers for Disease Control and Prevention, *People Who Are At Higher Risk for Severe Illness* (available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html) (last visited Apr. 11, 2020).

[6] *Id., Stop the Spread of Rumors* (available at https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/share-facts.html) (last visited Apr. 11, 2020).

Rodriguez perhaps is at greater risk of infection while incarcerated than if he were at home, that conclusion to some degree is speculative. .

Of course, the Court is entirely sympathetic to the concern that Mr. Rodriguez must feel. He has little or no control over his environment while incarcerated. He is at some risk and can do little about it where he is. But millions of Americans who are not incarcerated are very concerned as well. And many of them to have little or no ability to control their environments. Consider the situations of our police, fire and ambulance members, our grocery personnel, our pharmacy workers, and hordes of others who are doing the best they can for all of us notwithstanding the risks.

Finally, it would be wrong to ignore the risk to the public safety of releasing Mr. Rodriguez. He now has been convicted of multiple drug felonies, certainly this latest committed at an age when he most assuredly should have known better. We are facing severe economic consequences of the pandemic. The risk that Mr. Rodriguez would involve himself in the drug trade if released in order to make ends meet is significant.

Release pursuant to the final clause of 18 U.S.C. § 3145(c), upon which defendant relies, is available only if, in addition to exceptional reasons warranting release, the defendant meets the conditions set forth in Sections 3143(a)(1) or (b)(1). This Court cannot find, by clear and convincing or even a preponderance of the evidence, that release of this defendant would not pose a danger to the safety of any other person or the community given the risk of further drug activities and the risk of his transmission of the virus to others. Accordingly, the precondition to the availability of the final clause of Section 3145(c) is not satisfied. Even if it were satisfied, it has not been "clearly shown that there are exceptional reasons why [Mr. Rodriguez's] detention would not be appropriate."

What defendant characterizes as an appeal from a detention order pursuant to 18 U.S.C. § 3145(c)[7] is denied.

SO ORDERED.

Dated: May 5, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[7] It arguably would be characterized more properly as a motion, pursuant to 18 U.S.C. § 3145(b), for review of a detention order. But nothing turns on the distinction.